**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

LAURIE LEIGH SMITH,
  *Defendant-Appellant.*

No. 03-4346

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-02-318)

Submitted: October 31, 2003

Decided: November 14, 2003

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Laurie Leigh Smith was convicted by a jury of using false Social Security numbers, 42 U.S.C. § 408(a)(7)(B) (2000) (Counts 1-4); mail fraud, 18 U.S.C.A. § 1341 (West Supp. 2003) (Counts 5-8); using fictitious names and addresses, 18 U.S.C. § 1342 (2000) (Counts 9-12); and engaging in monetary transactions with property derived from mail fraud, 18 U.S.C. § 1957 (2000) (Counts 13-15). She was sentenced to five years imprisonment and appeals her sentence, arguing that the district court clearly erred in finding that she abused a position of trust. *U.S. Sentencing Guidelines Manual* § 3B1.3 (2002). We affirm.

Smith's offenses occurred while she was promotions manager at Food Lion, Incorporated. While she held that position, Food Lion carried on a number of promotions involving cash prizes. The winners were determined by an outside fulfillment agency. Smith's position required her to receive the list of winners, determine whether they were eligible, and direct that checks be prepared for her to disburse to the winners. Between July 1998 and June 2000, in five different Food Lion promotions, Smith deleted winners selected by the outside fulfillment agencies and substituted variations of her own name or family members' names on Food Lion memoranda and records. In this manner, Smith collected checks for $34,300 and caused Food Lion to issue two checks totaling $384,600 to her grandmother.

The district court's factual determination that a defendant abused a position of public or private trust is reviewed for clear error. *United States v. Caplinger*, 339 F.3d 226, 235 (4th Cir. 2003). A position of trust is "characterized by professional or managerial discretion (*i.e.*, substantial discretionary judgment that is ordinarily given considerable deference)," and employees in such positions are subject to less supervision than employees with non-discretionary duties. USSG

§ 3B1.3, comment. (n.1). Thus, it does not apply to a bank teller or hotel clerk who embezzles or steals from his employer because these and similar positions involve little discretion and close supervision. *Id.* Whether the adjustment applies is determined from the perspective of the victim. *Caplinger*, 339 F.3d at 236.

This court has previously set out specific factors to be considered in determining whether the adjustment applies:

> (1) whether the defendant had either special duties or special access to information not available to other employees; (2) the extent of the discretion the defendant possesses; (3) whether the defendant's acts indicate that he is more culpable than others who are in positions similar to his and who engage in criminal acts; and (4) viewing the question of abuse of trust from the victim's perspective.

*United States v. Akinkoye*, 185 F.3d 192, 203 (4th Cir. 1999).

*Caplinger* describes the distinction between ordinary fraud and abuse of a position of trust as follows:

> A sentencing court must "carefully distinguish between those arms-length commercial relationships where trust is created by the defendant's personality or the victim's credulity" and those "where a 'fiduciary or personal trust relationship exists' with [the victim], and the defendant takes advantage of the relationship to perpetrate or conceal the offense." Only the latter circumstances justify the enhancement. At bottom, § 3B1.3's critical term — "position of public or private trust" — is a "term of art, appropriating some of the aspects of the legal concept of a trustee or fiduciary." In other words, application of the enhancement "requires more than a mere showing that the victim had confidence in the defendant. Something more akin to a fiduciary function is required.

*Id.* at 237 (internal citations omitted).

Smith contends, as she did in the district court, that her position as promotions manager with Food Lion did not give her special access to information not available to other employees because her supervisor, Dave Godfredson, also received copies of the winners' list. However, no witness with actual knowledge testified that Godfredson received winners' lists. Godfredson testified that the standard procedure was for lists of winners to be sent to the promotions manager, i.e., to Smith. Smith further argues that she had little discretion in her work and that Godfredson kept closely informed about her work. But Godfredson testified that he was concerned only with the concepts of Food Lion's promotions and always delegated the details to Smith.

Thus, Smith had access to special information (the winners' lists) and was entrusted by her supervisors with verifying the winners, excluding any who were disqualified, and instructing employees in the Expense Payables Department to disburse considerable sums of the company's money to whomever she identified as winners. In practice, Smith operated without supervision from within the company, and was caught only after the IRS notified Food Lion of a discrepancy between a winner's name and Social Security number. Smith's position placed her in a type of fiduciary relationship with her employer, which she abused. Therefore, we conclude that the district court's determination that Smith abused a position of trust was not clearly erroneous.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*